985 F.2d 560
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry Darnell JONES, Plaintiff-Appellant,
v.
Daniel CALKINS; Arthur McLaurin; Ronald Rake; Buster
Howell; Tony Taque; Leslie Bowens; Allen Schneider;
Harold Cloz, III; Richard Pasarela; James M. Graves;
Michael Kobza; Albertus Hultink; Jack Schutter;
Shanahawas Alam; Alam, Mrs.; Robert Griffin; Muskegon
County Board of Commissioners; Muskegon Heights City
Council, Defendants-Appellees.
 No. 92-1828.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1993.
 
 Before KENNEDY and RALPH B. GUY, JR., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 ORDER
 Larry Darnell Jones, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 Jones was arrested for attempting to bribe a witness who was to testify against his brother in a criminal matter. After a jury trial, Jones was convicted of obstruction of justice and procuring the commission of perjury in violation of Michigan law.
 
 
 1
 In a factually nonspecific complaint filed under 42 U.S.C. § 1983 and seeking only monetary damages, Jones alleged that multiple state officials violated his constitutional rights in connection with the investigation and his ultimate conviction on the above-mentioned charges. Specifically, Jones alleged that the defendants conspired to obtain and execute a telephone search warrant and denied him his due process and equal protection rights, and his right to be free from unreasonable searches and seizures. He indicated that certain defendants gave false testimony in court proceedings against him, that he was illegally arrested and falsely prosecuted, and that certain defendants did not adequately hire, train and supervise city police officers and other employees named as defendants in the complaint.
 
 
 2
 Initially, a magistrate judge recommended dismissing plaintiff's § 1983 action without prejudice, because resolution of plaintiff's claims would require the court to decide issues that may determine the outcome of a state criminal action. The district court did not agree with the magistrate judge's recommendation and concluded that summary judgment was proper as to several defendants on a few of Jones's claims. As to the remaining defendants, the case was referred to a magistrate judge who ultimately recommended dismissing Jones's § 1983 action. The district court adopted the magistrate judge's recommendation and dismissed the case.
 
 
 3
 On appeal, Jones' rambling brief has been construed as alleging those claims which he raised in the district court. Jones requests a free transcript and the appointment of counsel on appeal.
 
 
 4
 Upon review, we conclude that the district court properly entered summary judgment in favor of the defendants because there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). We also note that Jones did not state the capacity in which he was suing the defendants. See Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989). To the extent that they are sued in their official capacities as state officials, they are not subject to suit for monetary damages in that capacity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 & n. 10 (1989).
 
 
 5
 Accordingly, we deny Jone's requests for a free transcript and counsel, and affirm the judgment of the district court. Rule 9(b)(3), Rules of the Sixth Circuit.